**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | **Case No. 8:13CR347** |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | **ORDER** |
| **LESLIE A. SCHULZ,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

This matter is before the court on the defendant Leslie A. Schulz's Motion to Sever (#37). The defendant moves the court for an order severing his case from that of his co-defendant, Dwayne K. Long. Each of the defendants is charged in Count I with conspiracy to defraud the government and in Counts II through X with filing false claims. Defendant Schulz alleges that his Motion to Sever should be granted based upon possible jury confusion and that the defendant Schulz has never had direct contact nor actually met any of defendant Long's clients.

The government has filed a Response in Opposition to Defendant's Motion to Sever (#43). The motion to sever is denied.

Joinder of multiple defendants is proper under Rule 8 of the Federal Rules of Criminal Procedure when two or more defendants are charged in the same indictment or information alleging to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together, or separately. Under Rule 8(b) the joinder of the defendants is proper as the indictment charges them with conspiracy by obtaining and aiding to obtain the payment of false, fictitious, and fraudulent claims, specifically, the filing

of false federal income tax returns containing fraudulent claims for income tax refunds based upon false and fictitious amounts of federal income tax withheld reported on false forms 1099-OID, in violation of Title 18 U.S.C. § 286. The indictment goes on to state the manner and means of the conspiracy as well as alleged overt acts. The general rule of this circuit is that persons jointly indicted on similar evidence for the same or related events should be tried together. United States v. Jones, 16 F.3d 275, 279 (8th Cir. 1994).

The facts of this case as alleged not only involve the conspiracy in Count I, but the false claims in Counts II through X approximating $6,862,825.00 in federal income tax withheld with a total amount of $4,701,010.00 in refunds requested on nine returns. Joinder of the defendants is clearly proper under Rule 8 of the Federal Rules of Criminal Procedure.

The analysis of defendant's motion then turns to the question of prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure. The Rule allows the court to sever defendants for trial or to sever counts as the result of prejudicial joinder in an indictment which is otherwise proper under Rule 8. Under Rule 14 the defendant must show the joinder is so prejudicial that it outweighs the interest of judicial economy and efficiency which result from joint trials. The concerns of the defendant that the jury cannot be expected to compartmentalize the evidence in this case as to each defendant is not valid. Rule 14 does not allow severance based upon "disparity in weight of the evidence as between two parties" nor does it allow severance for "limited involvement in a conspiracy." United States v. Pencina, 196 F.2d 186, 188 (8th Cir. 1992). In any conspiracy the evidence of each participant's alleged involvement varies.

Additionally, judicial economy justifies reliance on the jury to follow the instructions of the court to separate the evidence and limits the applicability of the evidence to each defendant. Severance in this case is not appropriate as both defendants are charged in all counts based upon similar evidence from related events and the record fails to establish the existence of any prejudice that is not outweighed by the court's concern for judicial economy.

**IT IS ORDERED:**

1. Defendant Leslie A. Schultz's Motion to Sever (#37) is denied.

2. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 5th day of February 2014.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge